UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-1932 JVS (JDEx) | Date | October 29, 2019 |
| Title | Renee Ramirez v. Lowe's Home Centers, LLC et al. | | |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiffs:       Attorneys Present for Defendants:

Not Present                             Not Present

**Proceedings:    [IN CHAMBERS] Order Regarding Defendant's Notice of Removal**

Before the Court is Defendant Lowe's Home Centers, LLC's ("Lowe's") Notice of Removal. ("Notice," Docket No. 1.)  Because there is no subject matter jurisdiction, the Court REMANDS the case, *sua sponte*, to the Superior Court for the State of California, County of Orange.

## I. Background

On October 9, 2018, Plaintiff Renee Ramirez ("Ramirez") filed suit against Defendants Lowe's and Thomas Kirkpatrick ("Kirkpatrick") in the Superior Court for the State of California, County of Orange, styled as Renee Ramirez v. Lowes Home Centers, LLC; Thomas Kirkpatrick; and Does 1 through 150, Case No. 30-2018-01023816-CU-OE-CJC.  (Notice ¶ 1, Ex. A.)

On September 16, 2019, counsel for Lowe's received an email from counsel of record for Ramirez, informing him of Ramirez's decision to move out of the State of California.  (Notice ¶ 2.)  In a follow up phone call, Ramirez's counsel confirm that she had "moved out of state" and "does not intend to return to live in California." (Id.)

After reaching an agreement with Kirkpatrick, who is proceeding *pro se* for the purposes of this action, Lowe's filed the Notice of Removal on October 8, 2019 on the basis of diversity jurisdiction.

## II. Legal Standard

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-1932 JVS (JDEx) | Date | October 29, 2019 |
| Title | Renee Ramirez v. Lowe's Home Centers, LLC et al. | | |

Removal jurisdiction is based entirely on federal statutory authority. See 28 U.S.C. §§ 1441–55. A defendant may remove "any civil action brought in a State court of which the district courts . . . have original jurisdiction." 28 U.S.C. § 1441(a). Under 28 U.S.C. § 1332(a)(1), federal courts have original jurisdiction over civil actions "where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States."

"Diversity removal requires complete diversity, meaning that each plaintiff must be of a different citizenship from each defendant." GranCare, LLC v. Thrower, 889 F.3d 543, 548 (9th Cir. 2018) (citing Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996)). Complete diversity "is determined (and must exist) as of the time the complaint is filed and removal is effected." Strotek Corp. v. Air Transp. Ass'n. of Am., 300 F.3d 1129, 1131–32 (9th Cir. 2002) (emphasis added) (citing Morongo Band of Mission Indians v. California State Bd. of Equalization, 858 F.2d 1376, 1380 (9th Cir. 1988) (diversity is determined by citizenship of parties as of filing of the original complaint)); see also Newcombe v. Adolf Coors Co., 157 F.3d 686, 690 (9th Cir. 1998) (diversity must exist when the action is removed).

If the court determines that it lacks subject matter jurisdiction in which a defendant has improperly removed the case, the federal court must remand the case to state court. 28 U.S.C. § 1447(c); Fed. R. Civ. P 12(h)(3).

### III. DISCUSSION

At the time this case was filed on October 8, 2018, Ramirez was a citizen of California. (Notice ¶ 9.) Kirkpatrick was also (and remains still) a citizen of California. (Id.) For purposes of determining diversity, Lowe's is a citizen of North Carolina. (Notice ¶ 2.) Accordingly, and as Lowe's admits, "the requirements for diversity jurisdiction did not appear to exist" at the time of filing. (Notice ¶ 9.) Thus, because there was no diversity at the time of filing, there is no subject matter jurisdiction.

### A. Lowe's Application of the "Voluntary/Involuntary Rule" is Incorrect

In limited circumstances, a case that lacked the requirements for removal jurisdiction based on diversity at the time of filing may later be removed. This exception is known as the "voluntary/involuntary rule." See Self v. General Motors Corp., 588

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 19-1932 JVS (JDEx)                              Date  October 29, 2019

Title     Renee Ramirez v. Lowe's Home Centers, LLC et al.

F.2d 655, 659 (9th Cir. 1978). This exception contemplates removal of a case after a post-filing change in the parties to the action. For instance, if the plaintiff elects to dismiss a non-diverse defendant, the remaining defendants may remove if diversity then exits based on the plaintiff's voluntary act. However, if the diversity calculus is altered by an involuntary act, for example, summary judgment, the remaining defendants may not remove the case even if diversity then exists.

Here, Lowe's contends that based on Ramirez's decision to the move out of the State of California, complete diversity now exists, and the Defendants may remove the case to federal court based on her "voluntary" act. (Notice ¶ 7.) However, the voluntary/involuntary rule does not apply to a post-filing change in a party's citizenship. Lowe's cites to no authority that extends the voluntary/involuntary rule to a post-filing change in citizenship from a post-filing change in the actual parties to the case.

Indeed, the Supreme Court has considered this exact proposition in Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567 (2004). In Grupo Dataflux, the Supreme Court addressed the question "whether a party's post-filing change in citizenship can cure a lack of subject-matter jurisdiction that existed at the time of filing in an action premised upon diversity citizenship." Id. at 568. The Supreme Court held that a post-filing change in citizenship by the plaintiff did not create diversity jurisdiction. Id. at 575 (finding the dismissal of a non-diverse party as the only exception to the time-of-filing and declining to create a "brand new" exception based on a "purported cure" arising from a change in citizenship of a continuing party).

## IV. CONCLUSION

Accordingly, because complete diversity did not exist at the time Ramirez filed the lawsuit in 2018 and the parties to the action remain the same, no subject matter jurisdiction exists. For the foregoing reasons, the Court REMANDS the case to the Superior Court for the State of California, County of Orange.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 19-1932 JVS (JDEx)   Date  October 29, 2019

Title  Renee Ramirez v. Lowe's Home Centers, LLC et al.

                                                         :      0

                            Initials of Preparer      lmb